**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

LEON DURWOOD HARVEY,
Claimant-Appellant.

and

PREMISES KNOWN AS 3301 BURGUNDY
ROAD, ALEXANDRIA, VIRGINIA, a

No. 98-1116

parcel of real property and all
appurtenances thereto, lying in
Fairfax County, Virginia, and
containing 10.671 acres; said
property being titled in the name of
Realcon Investments, Inc., and any
and all proceeds from sale of said
property,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-81-1057-A)

Submitted: October 30, 1998

Decided: December 4, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leon Durwood Harvey, Alexandria, Virginia, for Appellant. Gordon Dean Kromberg, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leon Durwood Harvey appeals the district court's order denying his motion for return of funds and payment of interest. Because Harvey filed his motion in 1997, more than ten years after the criminal forfeiture of all Harvey's property, we affirm the district court's order denying the motion as untimely.

The United States contended that Harvey and others planned drug smuggling at a property in Alexandria, Virginia, known as 3301 Burgundy Road, which was owned by Realcon, a Liechtenstein corporation. The United States has always contended, and Harvey admits, that Realcon was his alter ego. When Realcon attempted to sell the property, the United States filed a warrant of arrest against, and attached, the property. The district court stayed the civil proceedings pending further developments in criminal actions against Harvey and his confederates, who had been indicted. See United States v. 3301 Burgundy Rd., 728 F.2d 655, 656 (4th Cir. 1984).

The district court denied Realcon's motion to lift the stay, and Realcon appealed. Barry Toombs, one of Harvey's cohorts, subsequently pleaded guilty to RICO violations. As part of his plea agree-

2

ment, Toombs agreed to forfeit the Burgundy Road property. The district court entered a consent judgment requiring that $200,000 in proceeds from the sale of the property be transferred to the United States. See id. at 657.

In 3301 Burgundy Rd., we vacated the consent judgment because Toombs had no forfeitable interest in the property. We remanded to the district court for a determination of the property's rightful owner. See id. Following remand, the district court on April 30, 1984, dismissed the case for want of jurisdiction because the proceeds of the sale had been transferred outside the Eastern District of Virginia, to the Department of Justice in Washington, D.C. Neither Realcon nor Harvey appealed the dismissal.

A superseding indictment was returned against Harvey in 1985. The United States also sought forfeiture of all of Harvey's property. Harvey was convicted in 1986 on numerous counts, including RICO violations, operating a continuing criminal enterprise, tax evasion, and conspiracy. On February 18, 1986, the district court entered an order forfeiting all of Harvey's assets, including his corporate, business, and personal interests. Harvey was sentenced to forty years in prison; his term later was reduced to thirty years.

On August 27, 1997, Harvey filed the subject motion for return of seized property, claiming that the forfeiture litigation in this case was still pending, presumably because we vacated the forfeiture order in 3301 Burgundy Rd. He claimed that he was entitled to the return of the property (or its proceeds) and to interest from the date of the improper seizure.

Harvey ignores the fact that he forfeited all his assets in the criminal proceeding. He admits that he and Realcon were the same entity. Therefore, the valid criminal forfeiture of all his assets included the forfeiture of the Burgundy Road property, which had been held in the name of Realcon.

Harvey waited more than ten years after the criminal forfeiture to institute this action. The most generous limitations period that might apply to this motion for return of seized property is six years. See 28 U.S.C.A. § 2401 (West 1994 & Supp. 1998); Boero v. DEA, 111 F.3d

3

301, 305 n.5 (2d Cir. 1997). His motion was untimely, as the district court correctly found.

Harvey is not, as he contends, entitled to application of the rule announced in <u>United States v. James Daniel Good Real Property</u>, 510 U.S. 43 (1993). In <u>Good</u>, the Supreme Court declared that the seizure of real property without a pre-seizure hearing violated the owner's due process rights. <u>See id.</u> at 46. The remedy for a <u>Good</u> violation is to release to the owner of the property the profits or rent which the owner lost during the period of the illegal seizure. <u>See United States v. Marsh</u>, 105 F.3d 927, 931 (4th Cir. 1997).

To the extent that <u>Good</u> applies to criminal forfeitures, it applies only to cases that were pending at the time <u>Good</u> was announced. <u>See id.</u>, 105 F.3d at 931. As the forfeiture in this case was accomplished long before the <u>Good</u> decision, Harvey may not benefit from the <u>Good</u> rule.

We therefore affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4